IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMONT BULLOCK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE PENNSYLVANIA DEPARTMENT OF )<br>CORRECTIONS, )<br>)<br>Defendant. ) | Civil Action No. 16-905<br>Judge David Stewart Cercone/<br>Chief Magistrate Judge Maureen P. Kelly |

## REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that the Plaintiff's Motion for Leave to Proceed In Forma Pauperis (the "IFP Motion"), ECF No. 1, be denied.

### II.  REPORT

Lamont Bullock ("Plaintiff"), also known as "Lamont C. Bullock"[1] is a prisoner who previously filed several prisoner civil rights actions in federal court, which were dismissed as frivolous or for failure to state a claim upon which relief can be granted. As a consequence, he has acquired "three strikes," in contravention of 28 U.S.C. § 1915(g), and cannot proceed *in forma pauperis* ("IFP") in the present case. Nor does Plaintiff come within the three strikes

---

[1]  The Court takes judicial notice of the Pennsylvania Department of Corrections Inmate Locator Website which shows that the inmate with the assigned inmate number of AS-1035, (which is the inmate number Plaintiff identifies as belonging to him in the proposed Complaint, ECF No. 1-1, ¶ 2) is "Lamont C. Bullock." The Inmate Locator Website is available at:

    http://inmatelocator.cor.pa.gov/#/results

(site last visited 8/30/216).

exception as the proposed Complaint fails to demonstrate that Plaintiff is in imminent danger of serious physical injury.

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., No. Civ.A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

In considering Plaintiff's pending IFP Motion, this Court takes judicial notice of court records and dockets of the federal courts located in the Commonwealth of Pennsylvania as well as those of the United States Court of Appeals for the Third Circuit. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). A review of the electronic dockets of these courts reveals that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[2] which provides in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In this case, Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[3] As the United States Court of Appeals for the Third Circuit has recognized, Plaintiff has at least three

---

[2] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

[3] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations

(… footnote continued)

strikes: "The motion for leave to proceed *in forma pauperis* on appeal is denied. It is undisputed that appellant has at least 'three strikes' under 28 U.S.C. 1915(g). See, e.g., Bullock v. Grove, C.A. No. 90-5311, order entered Nov. 30, 1990; Bullock v. Jadlocki, C.A. No. 92-7612, order entered Mar. 25, 1993; and Bullock v. Rupert, C.A. No. 99-3660, order entered May 10, 2000. Accordingly, he may not proceed in forma pauperis unless he can show 'imminent danger of serious physical injury'[.]" Bullock v. Dreibelbis, No. 11-3518 (3d Cir. Order filed 7/6/2012).

It is not entirely clear to this Court that Plaintiff even intended to file a prisoner civil rights case in this Court. Plaintiff attached to his IFP Motion a document entitled "Petition for Review" (the "Complaint"), ECF No. 1-1, and the caption of the Complaint noted at the top "In the Commonwealth Court of Pennsylvania." As the jurisdictional basis for the Complaint, Plaintiff invoked 42 Pa.C.S.A. § 763 and Pa. R. Civ. P. 1094. Id. ¶ 1. Nevertheless, the Clerk's Office docketed the case as a prisoner civil rights case. We shall accordingly, treat the filing as a prisoner civil rights case.

In the Complaint, Plaintiff named only the Pennsylvania Department of Corrections (the "DOC") as the Respondent/defendant. Plaintiff complained that the employees or agents of the DOC fabricated a mental health diagnosis for Plaintiff which resulted in him having a "Stability Code-D." Plaintiff complained that this occurred on or around July 10, 2014 and eventually resulted in him being transferred in December 2014 back to the State Correctional Institution at Greene ("SCI-Greene") from the State Correctional Institution at Fayette ("SCI-Fayette). Id. ¶¶ 27 - 47.

Given that the events of which Plaintiff complains about occurred roughly two years ago, we have no hesitancy in concluding that Plaintiff's allegations in the Complaint fail to disclose

---

of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

imminent danger of serious physical injury. Abdul-Akbar v. McKelvie, 239 F.3d at 313 ("Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'").

Because Plaintiff has failed to carry his burden to show that he is in imminent danger of serious physical injury, which would permit him to proceed IFP, the IFP motion should be denied. If the District Court adopts this recommendation, Plaintiff, of course, may thereafter pay the entire filing fee within a time certain or face dismissal of the Complaint for failure to prosecute.

## III. CONCLUSION

For the reasons set forth herein, it is recommended that the pending IFP Motion be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

/s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Date: September 7, 2016

cc: The Honorable David Stewart Cercone
United States District Judge


CARLTON L. BULLOCK
AS-1035
SCI Greene
175 Progress Drive
Waynesburg, PA 15370